**HLD-169    (July  2010)**                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1970
_____

FRED DOUGLAS VINING,
                                                    Appellant
                              v.

UNITED STATES COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA; APPLIED POWDER TECHNOLOGY;
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY;
WORKERS COMPENSATION APPEAL BOARD, ET AL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 06-cv-00016)
District Judge:   Honorable Gary L. Lancaster
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2010
Before:   MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
(Opinion filed: October 5, 2010)
_____

OPINION
_____

PER CURIAM.

        Fred Douglas Vining, proceeding pro se, appeals an order of the United

States District Court for the Western District of Pennsylvania denying a post-judgment

order in his civil rights action.

In 2006, Vining filed a complaint claiming that the District Court had violated his civil and federal rights by dismissing a complaint he had previously filed against Applied Powder Technology, the Pennsylvania Department of Labor and Industry, and the Workers Compensation Appeals Board. Vining sued these same defendants again and added the District Court as a defendant. On January 20, 2006, the District Court dismissed Vining's complaint pursuant to 28 U.S.C. § 1915(e)(2), noting that we had affirmed the dismissal of his earlier complaint and explaining that the District Court is immune from suit for decisions that it renders. Vining did not appeal.

Over four years later, Vining filed a motion to amend his complaint. Although Vining's motion is unclear, he appears to contest the grounds for dismissal of his original complaint. The District Court denied the motion and this appeal followed.

Vining did not timely appeal the District Court's January 20, 2006, order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2). Our jurisdiction is limited to a review of the District Court's order denying Vining's motion to amend his complaint from which he filed a timely notice of appeal. See Bowles v. Russell, 551 U.S. 205, 209-10 (2007).

To the extent the District Court treated Vining's filing as a motion to amend his complaint, the motion was properly denied because the District Court had dismissed Vining's complaint with prejudice four years earlier. To the extent Vining's motion could be construed a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b), the motion was properly denied because it was not made within a reasonable time and was thus untimely. See Fed. R. Civ. P. 60(c)(1).

Accordingly, because this appeal does not raise a substantial question, we will affirm the District Court's order.